UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
DIVISION

ANDREW ZAWILSKI, ET AL.,

        Plaintiffs,
vs.                       Case No. 8:10-cv-1222-T-33AEP

GOLDEN RULE INSURANCE COMPANY,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant's Motion for Reconsideration of Order Denying Motion for Summary Judgment (Doc. # 34), which was filed on August 15, 2011, and Plaintiffs' Response in Opposition (Doc. # 35), which was filed on August 26, 2011. For the reasons that follow, the Court denies the Motion.

**Legal Standard**

Defendant's Motion for reconsideration will be decided under Rule 59(e) of the Federal Rules of Civil Procedure. <u>Ludwig v. Liberty Mutual Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005).

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must

demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308.  Further, as explained in Ludwig, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

**Analysis**

In the case of the present Motion, Defendant attempts to relitigate issues already decided by the Court in the Order

denying Defendant's Motion for Summary Judgment (Doc. # 33). Defendant does not assert that there has been an intervening change in the law and presents no new evidence.

Instead, Defendant argues that reconsideration is needed to prevent manifest injustice because the Court did not discuss certain items of evidence in the summary judgment Order. First, the Court notes that failure to specifically discuss evidence in an order does not mean that the Court disregarded such evidence. Second, the Court notes that is under no obligation to catalogue the evidence considered in its summary judgment calculus. This Court considered all relevant evidence and the entire record and reached the conclusion that a jury trial is warranted due to the presence of genuine issues of material fact. Accordingly, the Court denies the Motion for Reconsideration.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion for Reconsideration of Order Denying Motion for Summary Judgment (Doc. # 34) is **DENIED.**

**DONE** and **ORDERED** in chambers in Tampa, Florida, this <u>29th</u> day of August, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record